# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WENDY WILLIAMS,** | : | |
|     **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 09-0276-CB-C** |
| **AEROSPACE,** | : | |
|     **Defendant.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.[1]  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).  After careful consideration, it is recommended that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing the

---

[1]In addition to this complaint filed on May 19, 2009,  plaintiff filed six other complaints this year prior to this one, namely, *Williams v. Hardesty,* CA 09-0054-KD-C (filed Jan. 30, 2009); *Williams v. City of Mobile,* CA 09-0086-CG-N (filed Feb. 18, 2009); *Williams v. Matt,* CA 09-0106-WS-C (filed Mar. 2, 2009); *Williams v. Mobile County Sheriff Dept.,* CA 09-0130-CB-N (filed Mar. 11, 2009); *Williams v. Henry,* CA 09-0132-KD-N (filed Mar. 12, 2009); and *Williams v. Mobile Police Dept.,* CA 09-0215-KD-B (filed Apr. 16, 2009).

complaint as amended (Docs. 1, 6 ) under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* at 555, 127 S.Ct. at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 557, 127 S.Ct. at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Bilal*, 251 F.3d at 1348-49.

action's elements" are insufficient grounds for entitlement to relief. *Id.* at 555, 127 S.Ct. at 1959. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

In a *pro se* litigant's action, the allegations are given a liberal construction by the Court. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a *pro se* litigant's allegations are held to a more lenient standard than the those of an attorney). The Court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by *a pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## II.  Complaint as Amended. (Docs. 1, 6).

In this § 1983 action plaintiff names as the sole defendant Aerospace and gives its address as 1814 Fifteenth Street, Mobile, Alabama 36615. (Doc. 1 at 4). Plaintiff filed this action because her constitutional and civil rights allegedly were violated in March, 2008, when she was deceived by defendant at the completion of her work when it failed to pay her the agreed upon amount of $500,000 and the other $5,000. (*Id.* at 3-4). Nonetheless, she told them that "they were eligible for other grants and loans." (*Id.* at 4). Plaintiff maintains that a representative of defendant had her arrested, "lied on [her]," and

"pulled a gun on [her]." (*Id.* at 7). For relief, plaintiff wants the Court to "award [her] all monies you (feel) I am (entitile) to." (*Id.* at 6). This is the essence of plaintiff's claim against defendant. The complaint as amended does contain other sundry allegations, but they ramble and do not provide information reflecting any involvement by defendant with the State or state actors.

**III. Discussion.**

Plaintiff filed her action on a complaint form for a § 1983 action. Aside from her allegation that her constitutional and civil rights were violated, the § 1983 complaint form is the clearest indication to the Court regarding the basis for its jurisdiction. Federal question jurisdiction appears to be the basis for the Court's jurisdiction and a remedy under § 1983 is being sought. However, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed *by a person acting under color of state law*; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981) (emphasis added), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

In the present action the defendant does not appear to be an entity or person who typically acts under color of state law. Rather, defendant appears to be a private party. To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and

>  (3) the nexus/joint action test. . . .  The public function test
>  limits state action to instances where private actors are
>  performing functions "traditionally the exclusive prerogative
>  of the state." . . .  The state compulsion test limits state action
>  to instances where the government "has coerced or at least
>  significantly encouraged the action alleged to violate the
>  Constitution." . . .  The nexus/joint action test applies where
>  "the state has so far insinuated itself into a position of
>  interdependence with the [private party] that it was a joint
>  participant in the enterprise." . . .

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.) (citations omitted), *cert. denied*, 510 U.S. 976 (1993).

Plaintiff's allegations indicate that defendant is a private business. Moreover, plaintiff did not allege that defendant acts under color of state law. Specifically, the allegations do not indicate that defendant performs a traditional state function, was coerced by the State, or was a joint participant with the State in business. In fact the only contact that defendant is alleged to have had with the State was when its representative contacted an unidentified agency or officer about having plaintiff arrested. (Doc. 1 at 7). This contact does not transform defendant into a state actor. *See Collins v. Womancare,* 878 F.2d 1145,1155 (9th Cir.) (a private party merely complaining to the police or providing information to the police about the perpetrator of a crime does not transform a private party into a state actor), *cert. denied*, 493 U.S. 1056 (1990); *Manax v. McNamara,* 842 F.2d 808, 813 (5th Cir. 1988) ("Providing information to the state and pressing for more state action against an individual, without more, cannot suffice to make a private entity liable under section 1983 as a state actor."); *Hernandez v. Schwegmann Bros. Giant*

*Supermarkets, Inc.,* 673 F.2d 771, 772 (5th Cir. 1982) (where the police officer made his own decision to arrest, his reliance on a private party's information did not convert the private party into a state actor); *see also Dedmon v. Cala Foods Co.,* No. C 98-2048 CAL PR, 1998 WL 474190, at *1 (N.D. Cal. Aug. 5, 1998) (finding that plaintiff did not state a constitutional claim for her assault by a store employee because the store employee did not act under color of state law and that plaintiff's remedy was in state court) (unpublished). It is a "rare circumstance[] [when] a private party [can] be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). The Court, therefore, concludes that defendant did not act under color of state law. Thus, the lack of state action has caused plaintiff to fail to state a § 1983 claim upon which relief can be granted against defendant.[3]

## IV. Conclusion.

Based upon the foregoing reason, it is recommended that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted, prior to

---

[3]Other allegations in the complaint, not relevant to the disposition of this action, are noted by the Court to take issue with her allegations in the complaint in *Williams v. Hardesty,* CA 09-0054-KD-C. In the present action she alleges that she had a miscarriage in December, which she attributes to becoming tired as a result of continuing to work, building a home, running a landscape business, and showing homes to clients. (Doc. 1 at 8). She then claims that she was run off the road coming from Atlanta Bread Company by Jada McCants. (*Id.* at 10).

In her other action, CA 09-0054-KD-C, she implies that she suffered a miscarriage during her incarceration. (Doc. 12 at 5). She also states that she was run off of road at Atlanta Bread Company on May 17, 2008, without identifying who ran her off of the road, "because George Hardesty allowed this to happen to Wendy Williams." (Doc. 12 at 10). Although the prior allegations are not a direct contradiction of the allegations in the present action, they indicate to the Court that plaintiff is not careful in the representations that she makes to the Court.

service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 13th day of July, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[4]Even though not asserted by plaintiff, this Court does not have diversity-of-citizenship jurisdiction, which is the other most common basis for a federal district court's jurisdiction, aside from federal question jurisdiction.  Under 28 U.S.C. § 1332(a)(1), the federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (2005).  Plaintiff indicates that defendant is a citizen of Alabama.  The mere presence of one non-diverse defendant destroys diversity-of-citizenship jurisdiction. *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 2052-53 (1998).  Accordingly, the Court finds that it does not have diversity-of-citizenship jurisdiction over plaintiff's action due to the failure to establish that defendant is a citizen of a state other than Alabama.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

9